NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHAUDHRI ABDUL HAMID,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-1179<br><br>Agency No.<br>A091-209-769<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2024[**]
Pasadena, California

Before: SCHROEDER, R. NELSON, and MILLER, Circuit Judges.

Chaudhri Abdul Hamid, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) denial of cancellation of removal, 8 U.S.C. § 1229b(a), and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, 8 U.S.C. § 1231(b)(3). Petitioner did not administratively appeal the IJ's denial of his applications for asylum or for protection under the Convention Against Torture (CAT).

Petitioner contends for the first time in this court that the IJ lacked jurisdiction to conduct Petitioner's removal proceedings because of deficiencies in the Notice to Appear (NTA). Petitioner failed to exhaust any such contention, and it would be precluded in any event by our decision in *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc) (holding that deficiencies in an NTA do not deprive the immigration court of jurisdiction), *cert. denied*, 143 S. Ct. 755 (2023).

Petitioner maintains that the agency's denial of cancellation of removal was arbitrary and irrational. Yet he raises no colorable constitutional claims or questions of law that would be within our jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(D).

He challenges the agency's characterization of the facts and the weight given the multiple adverse factors. These challenges go to the merits of the agency's discretionary decision, which we lack jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Wilkinson v. Garland*, 601 U.S. 209, 225 n.4 (2024) ("[I]f the IJ decides a noncitizen is *eligible* for cancellation of removal at step one, his step-two discretionary determination on whether or not to *grant* cancellation of removal

2                                                                                    23-1179

. . . is not reviewable as a question of law.")

Petitioner has not shown that the evidence, even if true, compels a finding of past persecution, and he does not challenge the determination that his testimony was not credible, a determination that was dispositive of his withholding claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). There is no basis for overturning the denial of withholding.

Petitioner contends that he should have been granted CAT protection, but because this contention was not exhausted before the BIA, it is not properly before us. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION DENIED in part and DISMISSED in part**.